THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHANEL, INC., a New York Corporation,<br><br>Plaintiff<br>v.<br><br>JIAN YAO d/b/a FASHIONHAUSE.COM, d/b/a YESREPLICAS.COM d/b/a SMOKERSHOPS.COM d/b/a FASHIONTRENDS.CN and DOES 1-10,<br><br>Defendants | CASE NO. 3:07-cv-30032-MAP<br><br>**ORDER OF SANCTIONS** |

Defendant having failed to respond to the Order to Show Cause dated December 1, 2009, and the Court having considered Chanel's Motion for Entry of Sanction Pursuant to Order to Show Cause dated December 6, 2013, it is hereby ORDERED that:

A. The domains yesreplica.com, fashiontrends.cn, bagtrends.net, dollartree.us, handbags.bz, newreplicawatches.com, tiffany-sterling-silver.com, wholesale-dropshipping.us, yesgift.us, ithandbag.com, boots.bz, myfashionshop.cn, helloebay.com, rent-in-china.com, fashionhause.cn, and pinkbabe.cn (the "Subject Domain Names") shall be ordered immediately transferred by the Defendant, the Registrars and the Registry to Chanel's control.

B. Yao shall be further enjoined from registering, owning, controlling, creating or maintaining, directly or indirectly, any additional domain names, online businesses or Internet stores for a period of five (5) years. Any domain names, online businesses or Internet stores proven by Chanel to be registered, created, maintained, owned or controlled by Yao, his agents, representatives, or those working in concert with Yao in violation of this Order shall be immediately transferred by the Registrar and/or Registry to Chanel's control.

C. Yao, his respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of

this Order shall discontinue immediately the use of the Chanel trademarks ⌘, ⌘, CHANEL, J12, ⌘, COCO, ⌘, and ⌘ or any confusingly similar trademarks within domain name extensions, metatags or other markers within web site source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under the Subject Domain Names.

D.  The domain name Registrars for each of the Subject Domain Names are directed to transfer to Chanel's counsel, for deposit with this Court, domain name certificates for each of the Subject Domain Names.

E.  The top level domain (TLD) Registries for the Subject Domain Names within 7 days of receipt of this Order shall place the Subject Domain Names on "hold" status and thus remove the domains from the TLD zone files maintained by the Registries which link the domain names to the IP addresses where their sites are hosted.

DONE AND ORDERED in Chambers at Springfield, Massachusetts, this 12th day of December, 2013.

MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE